IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


BARRY MICHAEL PRATT, JR.                                                PLAINTIFF

v.                                  Civil No. 1:22-cv-01039-BAB

JERRY JUNEAU[1],
CAPTAIN RICHARD MITCHAM;
CHARLIE PHILLIPS; LT. BILLY
PERRY; and GAYLA TELANO                                                 DEFENDANTS


## MEMORANDUM OPINION

This is a civil rights action filed *pro* se by Plaintiff, Barry Michael Pratt, Jr., under 42 U.S.C. § 1983. On November 3, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 25).

Plaintiff names as Defendants Jerry Juneau, Captain Richard Mitcham, Charlie Phillips, Lt. Billy Perry, and Gayla Telano. Plaintiff claims Defendants violated his constitutional rights in both their individual capacities as well as official capacities. Currently before the Court, is Defendants, Captain Richard Mitcham, Charlie Phillips, Lt. Billy Perry, and Gayla Telano (hereinafter "County Defendants") Motion for Summary Judgment (ECF No. 38) and Defendant Jerry Juneau's Motion for Summary Judgment (ECF No. 35). Plaintiff responded to both Motions with a single set of responses. (ECF Nos. 46, 50, 51). The Court will address both Motions herein.

---

[1] Defendant Jerry Juneau is incorrectly identified in the case caption as Jerry Juno.

## I.  FACTUAL BACKGROUND

At all times relevant to Plaintiff's claims, Defendant Perry was a Lieutenant at the Union County Detention Center ("UCDC"), Defendant Mitcham was the Captain at the UCDC, Defendant Phillips was the Chief Deputy of the UCDC, Defendant Telano was the kitchen supervisor at the UCDC; and Defendant Juneau was the owner of Citi-Tela-Coin—the vendor providing telephone and tablet services to the UCDC.  (ECF No. 1).[2]  Plaintiff has been incarcerated in the UCDC on many occasions, but for purposes of his instant claims, he was housed at the UCDC from August 2020 through June 2021.  (ECF Nos. 35-3, p. 9; 40-1, p. 9).

The material facts in this matter are wholly undisputed.  Plaintiff was unable to place a call to the Prison Rape Elimination Act ("PREA") Hotline on multiple occasions during his incarceration at the UCDC.  However, Plaintiff did not suffer any sexual abuse or assault while housed at the UCDC.  (ECF Nos. 35-3, p. 12; 40-1, p. 12).  Plaintiff also was unable to afford the price of commissary items at the UCDC.  However, Plaintiff was provided with indigent items such as soap, toothpaste, toothbrush, toilet paper, and a bath towel.  *Id*. at pp. 17-22.

## II.  PROCEDURAL BACKROUND

Plaintiff filed his original Complaint on July 8, 2022.  (ECF No. 1).  In this original Complaint, Plaintiff alleged seven claims: (1) the "PREA does not work" and the phone numbers for PREA hotline, DHS privacy officer, and officer for civil rights are all blocked; (2) the commissary prices are to high and in violation of the Arkansas Jail Standards; (3) the cost of a phone card is to high; (4) the Sheriff and Chief Deputy are never inside the jail and do not inspect the operations of the jail; (5) Plaintiff cannot communicate with any supervisors other than

---

[2] Plaintiff is not currently incarcerated.  However, his claims in this action arose while he was housed in the UCDC in El Dorado, Arkansas.

Defendant Mitcham; (6) the diet provided is inadequate while locked down; and (7) excessive force was used against him during his September 10, 2018 arrest. (ECF No. 1).

On August 3, 2022, Plaintiff filed a Motion to Amend his Complaint, which the Court construed and filed as Plaintiff's Amended Complaint. (ECF Nos. 16, 17). In his Amended Complaint, Plaintiff request leave to add the following claims: (1) Separate Defendant Juneau is selling things marked "Not for Individual Sale" in the commissary; and (2) the tablets are being used as weapons by inmates against one another, and the batteries from the tablet are being used to light cigarettes and smoke drugs. (ECF No. 17).

At his deposition, Plaintiff specifically testified he intended to abandon all claims not against Defendant Mitcham and Defendant Juneau. (ECF No. 40-1, pp.35, 44). Further, Plaintiff clarified he only intends to assert claims regarding the PREA hotline being unavailable, and commissary "price gouging." *Id.* However, Plaintiff never filed any document on the docket seeking leave to voluntarily dismiss any claims or defendants from this matter.

County Defendants filed their Motion for Summary Judgment with Brief in Support and Statement of Undisputed Facts on February 3, 2023. (ECF No. 38, 39, 40). In their Brief, County Defendants argue: (1) they are entitled to qualified immunity; (2) there is no constitutional claim related to the PREA; (3) there is no constitutional claim related to commissary prices; (4) Plaintiff abandoned his claims regarding the tablets and inadequate diet; (5) there is no constitutional claim regarding the Sherrif or Chief Deputy not responding to grievances. (ECF No. 39).

Defendant Juneau also filed his Motion for Summary Judgment with Brief in Support and Statement of Undisputed Facts on February 3, 2023. (ECF No. 35, 36, 37). In his Brief, Defendant Juneau argues: (1) the Court should only consider the claims alleged in Plaintiff's Amended

Complaint; (2) Plaintiff has failed to state a cognizable claim regarding commissary items being sold when marked "Not for Individual sale" and at high prices; (3) Plaintiff "dropped" his tablet claim through his deposition testimony, but if the Court considers it then it should be dismissed because Plaintiff has no standing to assert it; (4) Plaintiff cannot maintain a private claim of action under PREA; (5) Defendant Juneau is not a proper party; and (6) Defendant Juneau is entitled to qualified immunity. (ECF No. 36).

On March 6, 2023, Plaintiff responded to both Motions for Summary Judgment with a single Motion to Proceed to Trial. (ECF No. 46). The Court construed this Motion as a response in opposition to both Motions for summary judgment as Plaintiff included a "Statement of Undisputable Facts" within this Motion. In this Motion, Plaintiff first argues the Arkansas Jail Standards regulate prices for jail commissaries. These standards state the commissary prices "shall" be set at retail prices. *Id.* at 1. Plaintiff also reiterates the PREA hotline at the UCDC is not operable. *Id*. at 2. Next, Plaintiff argues Defendant Juneau is not a public official, therefore, he is not entitled to any immunities. *Id.* Plaintiff did not make any factual dispute or argument regarding his other seven claims.

County Defendants replied on March 13, 2023. (ECF No. 48). In their Reply, County Defendants reassert the argument that Plaintiff's PREA and commissary claims fail to state cognizable constitutional claims. County Defendants also reiterate their understanding that Plaintiff has abandoned all claims except for Claims 1and 2 regarding the PREA hotline and the commissary pricing. *Id*. Defendant Juneau did not file a Reply.

Plaintiff then filed a Response and Supplement to County Defendants' Reply. (ECF Nos. 50, 51). In this Response, Plaintiff did not dispute County Defendants' statement that he abandoned all claims except his Claims 1 and 2—the PREA hotline and commissary claims.

Plaintiff argues again that the PREA hotline is not operable and the UCDC rules state you must file a written PREA request to the captain. Plaintiff argues this is not a hotline. *Id.* Plaintiff also reiterates his argument that Defendant Juneau is not entitled to any immunities. *Id.* Additionally, Plaintiff attached a handwritten list he compiled of commissary items and the corresponding prices: a honey bun is $3.75; a coke is $4.00; soups are $1.00; Folgers Coffee is $10.25; and chips are $4.90. (ECF No. 51).

### III. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986); *See also Davidson v. Cannon*, 474 U.S. 344 (1986).

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To sustain an official capacity claim against such an entity a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Thus, Plaintiff's official capacity claims against County Defendants are "functionally equivalent," *Veatch*, 627 F.3d at 1257, to alleging their employer, Miller County,

6

had "a policy, custom, or [took an] official action" that deprived him of his constitutional rights, *Johnson*, 452 F.3d at 973.

To establish a claim for "custom" liability, Plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the official of that misconduct; and

3) That Plaintiff was injured by acts pursuant to the government entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty Medical Dept.*, 725 F.3d 825, p. 828 (8th Cir. 2013). "A single deviation from a written, official policy does not prove a conflicting custom." *Id.* (quoting *Wedemeier v. City of Ballwin, Mo.,* 931 F.2d 24, 26 (8th Cir. 1991)).

## IV. DISCUSSION

First, Plaintiff does not dispute County Defendants' assertion that he has abandoned all claims other than: (1) Claim 1—the PREA hotline claim; and (2) Claim 2—his commissary pricing claim.[3]  Accordingly, the Court need only substantively address these two claims herein.

---

[3] The Court notes Defendant Juneau's argument that Plaintiff did not allege either of these two claims in his amended Complaint. (ECF No. 17). However, in his amended Complaint, Plaintiff's language suggest he intended the document to supplement his original Complaint and not replace it. *Id*. As *pro se* documents are to be construed liberally, for purposes of this motion, the Court will assume Plaintiff intended the motion to amend to supplement his original Complaint. *See Williams v. Aldridge*, Civil No. 6:13-cv-6004, 2014 WL 504874, at 2 (W.D. Ark. Feb. 7, 2014). Furthermore, Plaintiff testified clearly in his deposition as to which claims he intended to pursue in this matter through his original and amended complaints, and all Defendants had ample opportunity to, and in fact did, move for summary judgment on those claims Plaintiff intended to pursue.

### i.  Abandoned claims

All of Plaintiff's claims, other than the PREA and commissary pricing claims (claims 1 and 2 in his original Complaint), shall be dismissed as Plaintiff abandoned the claims at his deposition and failed to prosecute these claims other than asserting them in his original and amended Complaints.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

Here, all Defendants expended resources in discovery and motions for summary judgment. Plaintiff then, intentionally, chose not to dispute or argue any asserted claims other than Claims 1 and 2—the unavailable PREA hotline and the commissary pricing—in response to separate Defendants' motions for summary judgment. Plaintiff was advised, in the Court's February 6, 2023 Orders, that his failure to respond and specifically dispute each of separate Defendants' arguments and facts would result in those facts being deemed admitted or his case being dismissed for failure to prosecute. (ECF Nos. 41, 42).

Accordingly, Plaintiff's claims three through seven, in his original Complaint, and both of Plaintiff's claims in his amended Complaint shall be dismissed with prejudice. This leaves only Plaintiff's claims one and two, asserted in his original Complaint, for consideration herein.

> **ii.   PREA Hotline – Claim 1**

Initially, the Court notes it is unclear whether Plaintiff alleges his PREA claim against County Defendants or Defendant Juneau. However, as explained below, this distinction is inconsequential.

The Court interprets Plaintiff's PREA claim as one for deliberate indifference to a substantial risk of harm—sexual assault. *See Blair v. Bowersox,* 929 F3d 981, 987-88 (8th Cir. 2019) (to establish a constitutional violation for deliberate indifference to a risk of harm Plaintiff must show: (1) the defendant knew of a substantial risk of serious harm to the inmate existed; and (2) the defendant was deliberately indifferent to that risk). However, Plaintiff testified in his deposition that he did not suffer a sexual assault and he had no need to report any sexual abuse through the PREA hotline. (ECF No. 40-1, pp. 12-13). When asked why Plaintiff attempted to call the PREA hotline, Plaintiff responded: "Because I am sick of Union County, and I'm trying to do everything I can to make them stop rule violations." *Id.* at 15. The summary judgment

9

record here is devoid of any evidence showing a substantial risk of harm to Plaintiff or any injury in fact to Plaintiff. Accordingly, Plaintiff has no standing to pursue a claim related to a PREA hotline. *See Hodak v. City of St. Peters*, 535 F.3d 899, 903 (8th Cir. 2008) (explaining a party must suffer an "injury in fact" of "an actual or imminent concrete and particularized invasion to a legally protected interest" to have standing).

Furthermore, as the Court previously held there is no private cause of action under the PREA.[4] *See Pratt v. Mitcham,* Civil No. 1:22-cv-01025, 2023 WL 56154981, at *3-4 (W.D. Ark. Aug. 10, 2023) (citing *Johnson v. Garrison,* 859 F.App'x 863, 864 (10th Cir. 2021); *Bowens v. Wetzel,* 674 F.App'x 133, 137 (3rd Cir. 2017); *Krieg v. Steele,* 599 F.App'x 213, 232-33 (5th Cir. 2015); *Wilmoth v. Sharp,* No. 6:15-cv-06057, 2018 WL 1092031, *3 (W.D. Ark. Feb. 27, 2018). Accordingly, Plaintiff's Claim 1—the PREA hotline claim—fails as a matter of law.

### iii. Commissary pricing – Claim 2

Plaintiff then claims the prices charged for commissary items violates the Arkansas Jail Standard regulations at section "004-03-22." Plaintiff claims this section of the jail standards state: all commissary items must be priced at retail value. Plaintiff explains in his deposition he is asserting this claim against Defendant Mitcham and Defendant Juneau.

---

[4] Plaintiff previously alleged the same PREA hotline claim against Defendant Mitcham, but not Defendant Juneau, in a separate case. *Pratt v. Mitcham,* Civil No. 1:22-cv-01025, 2023 WL 56154981, at *3-4 (W.D. Ark. Aug. 10, 2023). In that case, the Court found no private right of action exists under the PREA. The Court dismissed Plaintiff's claim against Defendant Mitcham with prejudice in a final judgment. *Id.* Accordingly, Plaintiff's PREA hotline claim against Defendant Mitcham here is clearly barred by *res judicata*. *See Followell v. United States,* 532 F.3d 707, 708 (8th Cir. 2008) (explaining the "relitigation of a claim on grounds that were raised or could have been raised in the prior action" is precluded by the doctrine of *res judicata*). However, neither Defendant Mitcham nor Defendant Juneau argued *res judicata* or privity of parties in their motions for summary judgment. As Plaintiff's claim fails on the merits, the Court need not *sue sponte* raise the issue of *res judicata* for either Defendant.

Arkansas Jail Standards do not represent minimal constitutional standards. *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991). Further, violation of state law or state standards does not necessarily equate to a constitutional violation. *United States v. Suing*, 712 F.3d 1209, 1213 (8th Cir. 2013); *Buckley*, 997 F.2d at 495. Accordingly, an allegation that separate Defendants Mitcham and Juneau failed to satisfy the Arkansas Jail Standards, without more, fails to state a constitutional violation pursuant to Section 1983.

Furthermore, when a jail provides for an inmate's needs, the inmate has no federal constitutional right to purchase items from the commissary. *Blake v. Moore*, 4:16-cv-4078, 2018 WL 3745826, at *8 (W.D. Ark. Aug. 7, 2018). Plaintiff testified in his deposition that the UCDC provided him with necessary indigent items such as hygiene items, and toilet paper. (ECF No. 40-1, pp. 17-22). Other districts have also found commissary pricing does not implicate constitutional rights. *See Amos v. Stolzer*, Civil No. 1:14CV63SNLJ, 2014 WL 6473596, at *9 (E.D. Mo. Nov. 18, 2014) (an inmate has "no constitutionally protected interest in commissary privileges or commissary prices . . .") (internal quotations omitted); *see also Boyd v. Lasher*, Civil No. 09-7641, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) (inmate failed to state a Section 1983 claim when he alleged he was overcharged for commissary purchases and taxed without representation as those claims did not implicate the Constitution).

Accordingly, Plaintiff's Claim 2 against separate Defendants Mitcham and Juneau, related to "price gouging" in the commissary, also fails as a matter of law.

### iv. Official capacity claims

Plaintiff also alleges his claims against all Defendants in their official capacities. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work…" *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Here, this means Plaintiff's

official capacity claims against the County Defendants are essentially claims against their employer Union County, and Plaintiff's official capacity claims against Defendant Juneau are essentially claims against his employer Citi-Tela-Coin. To be successful on such a claim, Plaintiff will need to show Union County and Citi-Tela-Coin caused the constitutional violation. *See Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). However, as the Court has determined Plaintiff failed to state a constitutional claim against County Defendants and Defendant Juneau in their individual capacities, there can be no official capacity claims. *See McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005) (The Eighth Circuit has consistently recognized without an underlying substantive constitutional violation against a defendant in their individual capacity, a plaintiff cannot be successful on an official capacity claim against that defendant's employer).

## V. CONCLUSION

Defendant Juneau's Motion for Summary Judgment (ECF No. 35) is **GRANTED** and all of Plaintiff's claims against Defendant Juneau are **DISMISSED** with prejudice.

County Defendants' Motion for Summary Judgment (ECF No. 38) is **GRANTED** and all of Plaintiff's claims against Defendants Mitcham, Phillips, Perry, and Telano are **DISMISSED** with prejudice.

**IT IS SO ORDERED this 14th day of September 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE